STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. RE-2009-218
                                                  /V/V| - ( ) /V . .3/ . 2<5/(


MAINE STATE HOUSING
AUTHORITY,

                Plaintiff
                                                  ORDER ON MOTION
        v.                                        FOR SUMMARY JUDGMENT

JOEL L. THOITS

and

SAMANTHA J. SANVILLE

and

MILLBROOK CONDOMINIUM
ASSOCIATION,

                Defendants


        The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, *et seq.* Regardless of whether the defendant has filed an

objection, however, this motion is subject to Rule 56(j), which imposes detailed

requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1]

The court has an independent obligation to ensure compliance with this rule. M.R. Civ.

---

[1] M.R. Civ. P. 56(j) states:
    No summary judgment shall be entered in a foreclosure action filed pursuant to
    Title 14, Chapter 713 of the Maine Revised Statutes except after review by the
    court and determination that (i) the service and notice requirements of 14 M.R.S. §
    6111 and these rules have been strictly performed; (ii) the plaintiff has properly
    certified proof of ownership of the mortgage note and produced evidence of the
    mortgage note, the mortgage, and all assignments and endorsements of the
    mortgage note and the mortgage; and (iii) mediation, when required, has been
    completed or has been waived or the defendant, after proper service and notice,
    has failed to appear or respond and has been defaulted or is subject to default.

1

P 56(j) advisory committee's note to 2009 amend.[2] The court must also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. <u>Chase Home Finance LLC v. Higgins</u>, 2009 ME 136, ¶ 11, 985 A.2d 508, 511.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

|  | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| **Service:** Proof of service on all defendants and parties in interest. | ✘ | ☐ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✘ | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | ✘ | ☐ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | ✘ | ☐ |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | ☐ | ✘ |
| **Breach:** A breach of condition in the mortgage. | ✘ | ☐ |
| **Amount Due:** The amount due on the mortgage note, including any reasonable attorney fees and court costs. | ☐ | ✘ |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements. | ☐ | ✘ |

---

[2] The Advisory Committee note states:

> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

|  | Compliant | Non-compliant or unclear |
|---|---|---|
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed. | ☐ | ✗ |
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ☐ | ✗ |
| **Mediation:** If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | ✗ | ☐ |
| For cases filed after Dec. 31, 2009, in accordance with M.R. Civ. P. 93(c)(4), proof that plaintiff served defendant(s) financial forms used to consider alternatives to foreclosure at the time of the complaint. | ✗ | ☐ |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗[3] | ☐ |

The court denies the Plaintiff's motion on the following grounds. The plaintiff failed to present proof of a valid assignment of the Note. The plaintiff cites to the assignment of the mortgage as evidence of an assignment of the Note. (Pl.'s S.M.F. ¶ 4; Pl.'s Ex. C.) A valid assignment of the mortgage is distinct from a valid assignment, allonge, or endorsement of the note. Each must be alleged in the statement of material facts. Chase Home Finance LLC, 2009 ME 136, ¶ 11, 985 A.2d at 510-11; M.R. Civ. P. 56(h)(1). Facts not set forth in the statement of material facts are not in the summary judgment record, and therefore are not properly before the court. See M.R. Civ. P. 56(h)(1) ("[e]ach fact asserted in the statement [of material facts] shall be set forth in a separately numbered paragraph and shall be supported by a record citation"); see also Chase Home Finance LLC, 2009 ME 136, ¶ 12 n.4, 985 A.2d at 512 (citing Levine v.

---

[3] Although the plaintiff states that Joel Thoits is not in the armed services, both Samantha Sanville, now known as Samantha Thoits, and Millbrook Condominium Association filed with the court a statement that Joel Thoits is currently a member of the armed services.

R.B.K. Caly Corp., 2001 ME 77, ¶ 5, 770 A.2d 653, 655 ("A party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court . . . .")).

Second, the plaintiff failed to set forth in its statement of material facts proof that the notice requirements set forth in 14 M.R.S.A. § 6111(1) were met or that an exception in 14 M.R.S.A. § 6111(5) applies. 14 M.R.S.A. § 6111(5) is an exception to the notice requirements in 14 M.R.S.A. § 6111. The plaintiff correctly states that 14 M.R.S.A. § 6111(5), which was repealed on February 24, 2010, applies to this action.[4] The statement of material facts does not, however, set forth sufficient facts indicating which provision of 14 M.R.S.A. § 6111(5) governs.[5] "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.R. Civ. P. 56(h)(4).

Third, the plaintiff, in its statement of material facts, does not provide the amount of attorney's fees and court costs due. The plaintiff generally states that it is

---

[4] The notice of default and right to cure is dated January 8, 2009. (Pl.'s Ex. D.)

[5] 14 M.R.S.A. § 6111(5) states that 14 M.R.S.A. § 6111 does not apply to:
> A. A mortgage subject to the provisions of Title 9-A, section 5-111 or a mortgage, other than a first lien mortgage, that is made subject to the provisions of Title 9-A, section 5-111 by agreement of the parties to the mortgage;
> B. A mortgage that contains a requirement that a reinstatement notice, a notice of right to cure or an equivalent notice be given to the mortgagor at least 30 days prior to accelerating the maturity of the unpaid balance of the obligation or otherwise enforcing the mortgage against the mortgagor, if the mortgagee gives such a notice to the mortgagor and to any cosigner against whom the mortgagee seeks to enforce the obligation secured by the mortgage; or
> C. A mortgage when the mortgagee accelerates the maturity of the unpaid balance of the obligation or otherwise enforces the mortgage on or after July 4, 1996 if the mortgage meets the requirements of paragraph A or B.

In its Supplemental Memorandum of Law in Support of its Motion for Summary Judgment, the plaintiff claims that 14 M.R.S.A. § 6111(5)(B) applies to this cause of action. While the plaintiff may be correct that its notice complied with 14 M.R.S.A. § 6111(5)(B), such facts are not stated in the plaintiff's statement of material facts and thus not appropriately before the court on a motion for summary judgment. Furthermore, the plaintiff does not cite to the provision of the

4

owed "reasonable attorneys' fees and costs," but does not indicate the amount due. (Pl.'s S.M.F. ¶ 8.) The plaintiff does not cite to anything in the record supporting its assertion that its attorneys' fees and costs are reasonable or the amount of attorneys' fees and costs accrued. (Id.) "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." M.R. Civ. P. 56(h)(4).

Fourth, the statement of material facts does not state the order of priority and amounts due to the party-in-interest Millbrook Condominium Association, which is named as a defendant and filed a response in this case.

The entry is

> The Plaintiff's Motion for Summary Judgment is DENIED.

Dated: 3/11/11

Nancy Mills
Justice, Superior Court

---

mortgage that contains a notice requirement defined in 14 M.R.S.A. § 6111(5)(B). The court has no independent duty to search through the summary judgment record. M.R. Civ. P. 56(h)(4).

MILLBROOK CONDOMINIUM ASSOC
C/O KELLEY A YOUNG
PO BOX 416
GRAY ME 04039-0416

: OF COURTS
erland County
Street, Ground Floor
nd, ME 04101

JOEL THOITS
SAMANTHA THOITS
9 MILLBROOK RD
UNIT 13B
GRAY ME 04039

MICHAEL HAENN ESQ
PO BOX 915
BANGOR ME 04402-0915